IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARMANDO BÁEZ-MOLINA,

   Plaintiff,

            v.                    CIVIL NO. 15-1046 (PAD)

ONIEL ROMERO-ALCOVER, et al.

   Defendants.

MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

This is an action under Federal and Puerto Rico law against Puerto Rico Police officers who allegedly shot and assaulted plaintiff during a car chase. Before the court is defendants' "Partial Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)"(Docket No. 8), which plaintiff opposed (Docket No. 19). For the reasons explained below, defendants' motion is GRANTED.

I.    BACKGROUND

On January 24, 2014 at approximately 10:30 a.m., plaintiff was in the front seat of a white Mitsubishi motor vehicle, Nativa model, with Puerto Rico license plate DHC-389, on Ebano Street in Guaynabo, Puerto Rico (Docket No. 1 at ¶ 4.1). The Nativa had been reported stolen. Id. It stopped when it reached the "STOP" sign at the intersection of Ebano Street with San Patricio Avenue. Id. at ¶ 4.2. Around the same time, a PRPD patrol car manned by Oniel Romero-Alcover and Luis J. Concepción-Rosado stopped in the intersection. Id. Romero and Concepción stepped out of the car with their firearms drawn, pointing to the Nativa. Id. Meanwhile, PRPD officer

Eliezer Rivera-Rodriguez arrived at the scene in his bicycle, followed by PRPD officer Victor M. Rivera Ortiz in another patrol car. Id. at ¶ 4.3.

The Nativa veered to the right on to San Patricio Avenue. The officers then shot at it ". . . with the intention to inflict serious bodily harm and without any legal justification and in clear breach of the applicable PRPD procedures and regulations," striking plaintiff in his left leg and knee. Id. at ¶ 4.3. After the shooting, the Nativa drove-off with officers in pursuit. It was eventually stopped. Id. at ¶ 4.4. Both the driver and plaintiff were arrested, and the vehicle, the driver and plaintiff searched. The search did not uncover firearms.

## II.   ANALYSIS

Against this backdrop, plaintiff initiated this action under the Fourth, Fifth, Eight and Fourteenth Amendments of the United States Constitution, the Civil Rights Act of 1864, 42 U.S.C. § 1983, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141 (Docket No. 1), essentially alleging to have been subjected to excessive use of force; complaining of an unreasonable search and seizure; and stating that the PRPD officers intentionally shot, assaulted and/or aided and abetted one another to deprive him of rights and privileges secured and protected by the Constitution. Id. Dismissal has been requested on the following grounds:

1. Fourth Amendment. Defendants point out plaintiff was a passenger in a stolen vehicle, and that the officers had a reasonable basis to seize and search the vehicle and its occupants under the Fourth Amendment (Docket No. 8 at pp. 9-11).[1]

---

[1] Defendants, however, concede that a plausible "excessive use of force" claim has been raised in connection with the Fourth Amendment (Docket No. 8 at pp. 11-12).

2. <u>Fifth Amendment</u>. Defendants assert the Amendment applies to federal actors, and no federal actor is involved in this case. <u>Id.</u> at p. 7.

3. <u>Eighth Amendment</u>. Defendants argue the Amendment covers individuals who have been convicted of a crime and are incarcerated, which, from the facts alleged, is not the case here. Id. at pp. 7-8.

4. <u>Fourteenth Amendment</u>. Defendants state the complaint does not allege any procedural due process violation in the sense that plaintiff was entitled to a process of which he was deprived. <u>Id.</u> at 8-9.

Plaintiff opposed defendants' motion, but asked the court to dismiss his Fifth and Eighth Amendments claims without prejudice (Docket No. 19). The court addresses the remaining Fourth and Fourteenth Amendment claims in turn.

### A. Fourth Amendment

Plaintiff complains that he was subjected to an illegal seizure (Docket No. 1 at ¶ 5.0-5.1). Defendants argue that the complaint admits the Nativa was stolen; that the officers were aware of this fact; and that they intervened with the vehicle for that reason (Docket No. 8 at p. 11). So they assert to have had reasonable basis to stop the car and to validly seize and search its occupants. <u>Id.</u> Plaintiff counters that, although his main claim is one based on "excessive use of force" under the Fourth Amendment, that claim is tested under the provisions of the Amendment's right of the people to be secure in their persons against "unreasonable seizures," <u>Id.</u> at p. 7. For that reason, he argues the claim must be allowed to move forward.

That a claim for excessive use of force is evaluated under the Fourth Amendment's reasonableness standard, does not imply that it automatically supports a separate cause of action under an "unreasonable search and seizure" theory lacking factual support. Differently stated, a

plaintiff may bring a claim for excessive use of force by police agents – because they used force greater that necessary for his arrest or search – without necessarily questioning that the agents had probable cause to arrest or search him in the first place.  See, Tennessee v. Garner, 471 U.S. 1, 7-8 (1985)(distinguishing between validity of arrest and reasonableness of seizure); Brown v. Lynch, 524 Fed.Appx. 69, 79 n.33 (5th Cir. 2013)(noting that excessive force claim is separate and distinct from unlawful arrest claim, and, therefore, that court has to analyze excessive force claim without regard to whether arrest itself was justified)(internal citations omitted). On that basis, taking as true all of the allegations in the complaint, it is apparent that plaintiff has not sufficiently plead an action predicated on an "unreasonable search and seizure."

### B. Fourteenth Amendment

Plaintiff seeks redress for "excessive force" under the Due Process Clause of the Fourteenth Amendment (Docket No. 1 at ¶ 5.0-5.1).  The Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing' these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994).

By extension, plaintiffs' "excessive use of force" claim should be analyzed under the Fourth Amendment, rather than the Due Process Clause.  See, Amill-Correa v. Pesquera, 2014 WL 4827427, *3 (D.P.R. Sept. 29, 2014)(dismissing excessive force claim brought under the Fourteenth Amendment) (quoting Graham, 490 U.S. 386, 394 (1989), to the effect that "all claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a 'substantive due process'

approach"). In consequence, the request to dismiss the Section 1983 claims under the Fourteenth Amendment as an independent source of relief must be granted.[2]

### III.   CONCLUSION

In view of the foregoing, defendants' motion to dismiss is GRANTED. Accordingly, plaintiff's claims for "unreasonable search or seizure" under the Fourth Amendment and his claim under the Fourteenth Amendment are dismissed with prejudice. His request to dismiss without prejudice the claims under the Fifth and Eighth Amendments is granted. The Fourth Amendment "excessive force" claim stands. Thus, the only remaining claim is for excessive use of force, under the Fourth Amendment and Puerto Rico law.

An Order for the parties to file a Joint Proposed Schedule will follow.

**SO ORDERED**.

In San Juan, Puerto Rico, this 5th day of February, 2016.

>                                                     s/Pedro A. Delgado-Hernández
>                                                     PEDRO A. DELGADO-HERNÁNDEZ
>                                                     United States District Judge

---

[2] Plaintiff cites Martinez-Rivera v. Sánchez-Ramos, 498 F.3d 3 (1st Cir. 2007), in support of his general contention that the Fourteenth Amendment claims must survive. He adds that in Martinez-Rivera, a district court's decision to dismiss plaintiff's claims under the Fourth, Fifth, Eight, Ninth and Fourteenth Amendments was partially reversed because the Fourth and Fourteenth Amendment claims were not patently meritless or beyond hope of redemption (Docket No. 19 at pp. 11-12). But plaintiff misses the mark. Contrary to this case, the plaintiffs in Martinez-Rivera, alleged that a shooting deprived a member of their family of his life in violation of the Fourteenth Amendment, in circumstances involving an unreasonable seizure under the Fourth Amendment. Moreover, the district court's decision was made *sua sponte,* without notice to the plaintiffs, which is clearly not the case here.